UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JANET MAVIS MARCUSSE, | Case No. 17-CV-4656 (SRN/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| WARDEN FCI WASECA, | |
| Respondent. | |

---

From 1998 to 2002, Petitioner Janet Mavis Marcusse organized and operated a Ponzi scheme that bilked investors out of over $12 million. See, United States v. Flynn, 365 Fed. App'x 434 (6th Cir. 2008). After a 5-week jury trial concluding in 2005 in the United States District Court for the Western District of Michigan, Marcusse was convicted on 60 counts of fraud and money laundering and was sentenced to a total of 25 years' imprisonment. Id. at 439.

Since her conviction, Marcusse has raised many challenges to the validity of her conviction. Not long after the trial ended, Marcusse presented a motion for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure on the basis of insufficient evidence, see, United States v. Marcusse, No. 1:04-CR-0165-GJQ, Docket No. 430 (W.D. Mich. filed June 21, 2005), and she peppered the trial court with motions for relief throughout the duration of her direct appeal. Each was denied. After the conclusion of her direct appeal   which was unsuccessful   Marcusse filed a motion pursuant to 28 U.S.C. § 2255 containing "thirty separate 'grounds,' many of which contain[ed] multiple arguments." Marcusse v. United States, F. Supp. 2d 654, 660 (W.D. Mich. 2011). In a pair of orders totaling 117 pages, the trial court carefully and thoroughly examined each of the arguments presented by Marcusse, finding each wanting. See, Id.; see, also, Marcusse v.

United States, No. 1:09-CV-913, 2012 WL 5306258 (W.D. Mich. Oct. 26, 2012). Marcusse has on at least five occasions sought leave to file second or successive motions under § 2255, with each request denied by the Sixth Circuit Court of Appeals. And twice before, Marcusse has filed petitions for a writ of habeas corpus in the United States District Court for the Northern District of Florida (the district in which she previously was incarcerated), again with each dismissed.[1] See, Marcusse v. Warden FCI Tallahassee, No. 4:14CV301-MW/CAS, 2016 WL 7634460 (N.D. Fla. Nov. 23, 2016).

This matter is now before the Court on Marcusse's third Petition for a Writ of Habeas Corpus. (See, [Docket No. 1]). The Petition a sprawling 245-page document, with an additional 528 pages of Exhibits and a 35-page Memorandum in Support largely repeats claims that already have been raised by Marcusse, although it also offers a handful of new lines of attack. Each argument, though, fails for the same reason: a petition for a writ of habeas corpus simply is not the correct vehicle for Marcusse to challenge her conviction.

"A federal inmate generally must challenge a conviction or sentence through a § 2255 motion." Lopez-Lopez v. Sanders, 590 F.3d 905, 907 (8th Cir. 2010) (citation omitted). Therefore, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to her original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of her detention. See, 28

---

[1] Marcusse's vexatious filings have earned her a filing restriction imposed by the United States Supreme Court. See, Marcusse v. United States District Court for the Western District of Michigan, 135 Ct. 1484 (2015).

U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." See, Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Abdullah, 392 F.3d at 959. Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion is now barred as "second or successive." See, United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to invoke the savings clause must show that she "had no earlier procedural opportunity to present [her] claims." Abdullah, 392 F.3d at 963; see, also, United States v. Barrett, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

Marcusse's problem comes down to this: No argument she raises in her habeas petition couldn't have been raised before. Indeed, most of the arguments *were* raised before, many arguments repeatedly. Marcusse does not colorably rely upon any new rule of law made retroactive to cases on collateral review since the time of her § 2255 proceedings. Nor does Marcusse present evidence of which, with due diligence, she could not have been aware earlier. And far from being "inadequate

or ineffective," Marcusse was offered ample opportunity to challenge her conviction and sentence § 2255 an opportunity of which she fully availed herself.[2] That Marcusse is dissatisfied with the result of the § 2255 proceedings does not render those proceedings inadequate or ineffective.

Accordingly, it is hereby recommended that this matter be dismissed without prejudice for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT this matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Dated: November 16, 2017

s/Leo I. Brisbois
Leo I. Brisbois
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

---

[2] All of this should be familiar to Marcusse, as one of her earlier petitions for a writ of habeas corpus (filed in the Northern District of Florida) was dismissed for the same reasons. See, Marcusse v. Tallahassee, No. 4:14CV301-MW/CAS, 2016 WL 7634460 (N.D. Fla. Nov. 23, 2016). Since the time of that habeas proceeding, the Eleventh Circuit Court of Appeals has substantially restricted the availability of relief available to prisoners under the savings clause. See, McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017) (en banc). Marcusse's petition was evaluated under, and failed, the more generous standards then in effect in the Eleventh Circuit.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).                .