UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Janet Mavis Marcusse,<br><br>Petitioner,<br><br>v.<br><br>Warden FCI Waseca,<br><br>Respondent. | Case No. 17-cv-4656 (SRN/LIB)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Janet M. Marcusse, Reg. No. 17128-045, Federal Correctional Institution, P.O. Box 1731, Waseca, Minnesota, Pro Se.

Anna H. Voss, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

**I.   INTRODUCTION**

This matter comes before the Court on the Objection [Doc. No. 6] of Petitioner Janet Mavis Marcusse to United States Magistrate Judge Leo I. Brisbois's Report and Recommendation ("R&R") dated November 16, 2017 [Doc. No. 5].  The magistrate judge recommended that Marcusse's Petition for Writ of Habeas Corpus ("Petition") [Doc. No. 1] be dismissed without prejudice for lack of jurisdiction.

Pursuant to statute, this Court reviews *de novo* any portion of the magistrate judge's R&R to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that R&R.  28 U.S.C.

§ 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3).  For the reasons stated herein, the Court overrules Petitioner's Objection and adopts the R&R in its entirety.

## II.   BACKGROUND

The facts underlying this case are accurately detailed in the R&R, the background section of which the Court incorporates by reference here.  Briefly stated, Petitioner was convicted in 2005 in the Western District of Michigan of 60 counts of fraud and money laundering in connection with a Ponzi scheme through which she stole over $12 million from her investors. (R&R at 1.) She was sentenced to a total of 25 years' imprisonment, and her conviction and sentence were upheld by the Sixth Circuit. *See Marcusse v. United States*, 785 F. Supp. 2d 654, 660 (W.D. Mich. 2011).

Following her conviction, Petitioner initiated a lengthy series of legal challenges, including the petition presently before the Court. (R&R at 1.) Before her direct appeal she moved for a judgment of acquittal based on insufficiency of the evidence. (*Id.*) After her direct appeal, she sought relief under 28 U.S.C. § 2255, raising thirty separate grounds which were analyzed carefully and rejected by the federal district court in Michigan. *See Marcusse*, 785 F. Supp. at 678. Among other filings, she subsequently requested leave to file at least five additional or amended § 2255 motions, all of which were rejected by the Sixth Circuit. (R&R at 2.) Prior to the present action she also filed two other habeas petitions in the Northern District of Florida, where she was previously incarcerated. *See Marcusse v. Warden FCI Tallahassee*, No. 4:14CV301-MW/CAS, 2016 WL 7634460 (N.D. Fla. Nov. 23, 2016).

The matter now before the Court is Petitioner's third Petition for Writ of Habeas

Corpus. Magistrate Judge Brisbois recommends that the Court dismiss the Petition without prejudice because the Court lacks jurisdiction to hear a federal prisoner's collateral challenge to her original sentence by a habeas petition when § 2255 provides an adequate or effective means to test the legality of the conviction. (R&R at 2.)

Petitioner timely filed an Objection to the R&R. The Objection generally alleges that the Court has jurisdiction to consider her Petition under § 2255(e). (Obj. at 1.) The Government responded, urging the Court to adopt the R&R in its entirety. (Resp't Resp. [Doc. No. 8] at 1.)

### III. DISCUSSION

#### A. Standard of Review

Upon issuance of an R&R, a party may "serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). "The objections should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections which are not specific but merely parrot arguments already presented to and considered by the magistrate judge are not entitled to *de novo* review. *Dunnigan v. Fed. Home Loan Mortg. Corp.*, No. 15-cv-2626 (SRN/JSM), 2017 WL 825200, at *3 (D. Minn. Mar. 2, 2017) (citing *Mashak v. Minnesota*, No. 11-cv-473 (JRT/JSM), 2012 WL 928251, at *2 (D. Minn. Mar. 19, 2012)). Furthermore, when presenting arguments to a magistrate judge, parties must put forth "not only their 'best shot' but all of their shots." *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (quotations and citations omitted). Thus,

a party cannot, in her objections to an R&R, raise arguments that were not clearly presented to the magistrate judge. *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006).

### B.    § 2255 Savings Clause

It is well settled that a federal inmate must raise a collateral challenge to her conviction or sentence in a motion to vacate filed in the sentencing court under § 2255, not in a habeas petition filed in the court of incarceration under § 2241. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts therefore lack jurisdiction to hear a prisoner's collateral challenge to her original conviction or sentence brought under § 2241 unless the prisoner qualifies for § 2255(e)'s "savings clause." *See id.* The savings clause applies when it "appears that the remedy by motion is inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e). It is the petitioner's burden to show that the remedy under § 2255 would be inadequate or ineffective. *Abdullah v. Hendrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Petitioner has failed to show that her § 2255 remedy would be inadequate or ineffective. To succeed under the savings clause, Petitioner must show more than a procedural barrier to filing a § 2255 claim, and more than the fact that a claim was previously raised in a § 2255 motion and rejected by the court. *Id.* Petitioner must show, at a minimum, that she had "no earlier procedural opportunity" to present her claims. *Id.* at 963. But Petitioner falls far short of meeting her burden.

In his R&R, Magistrate Judge Brisbois concluded that not only was Petitioner afforded "ample opportunity to challenge her conviction and sentence" under § 2255, but

that she "fully availed herself" of that opportunity. (R&R at 3.) Indeed, Petitioner's lengthy § 2255 motion in the Western District of Michigan required multiple orders totaling 117 pages for the court to fully analyze and reject. (R&R at 1.) Petitioner's current petition raises no argument she could not have raised earlier, presents no evidence that she could not have been aware of earlier, and offers no adequate, intervening legal authority to support her arguments.[1] (R&R at 3.) Because Petitioner cannot show her § 2255 remedy is inadequate or ineffective, the Court lacks jurisdiction to hear her petition.[2]

## IV. CONCLUSION

For the reasons stated, the Court concludes that the Petitioner's Petition for Writ of Habeas Corpus must be dismissed. Accordingly, the Court overrules all objections, and adopts the R&R.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Objection [Doc. No. 6] to the Magistrate Judge's November 16, 2017 Report and Recommendation is **OVERRULED;**

2. The Court **ADOPTS** the Report and Recommendation [Doc. No. 5] in its entirety; and

---

[1] One of Petitioner's earlier § 2241 petitions filed in the Northern District of Florida presented the same arguments she presents here and was dismissed for the same reasons. *See Marcusse v. Tallahassee*, No. 4:14CV301-MW/CAS, 2016 WL 7634460 (N.D. Fla. Nov. 23, 2016). Petitioner's Supplemental & Relation-Back Pleading [Doc. No. 19] does not change this Court's analysis.

[2] Accordingly, Petitioner's subsequent Motion to Strike Response [Doc. No. 10], Motion to Strike Pleading Response [Doc. No. 14], and Motion for Leave to File Supplemental or Relation-Back Pleading to Add Change in Law Invalidating Convictions & Sentence Based on Innocence [Doc. No. 15] are denied as moot. This Court lacks jurisdiction to consider Petitioner's arguments.

3. Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

4. Petitioner's Motion to Strike Response [Doc. No. 10], Motion to Strike Pleading Response [Doc. No. 14], and Motion for Leave to File Supplemental or Relation-Back Pleading to Add Change in Law Invalidating Convictions & Sentence Based on Innocence [Doc. No. 15] are **DENIED AS MOOT**.

Dated: March 13, 2018                              s/Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States District Judge