# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Janet Mavis Marcusse,<br><br>Petitioner,<br><br>v.<br><br>Warden FCI Waseca,<br><br>Respondent. | Case No. 0:17-cv-4656 (SRN/LIB)<br><br>**ORDER** |

Janet Mavis Marcusse, 17128-045, FCI–Waseca, Unit A, P.O. Box 1731, Waseca, Minnesota 56093, pro se.

Ana H. Voss & Ann M. Bildtsen, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

Plaintiff, Janet Mavis Marcusse, moves to amend findings and conclusions under Federal Rule of Civil Procedure ("FRCP") 52(a), alter or amend judgment under FRCP 59(e), and vacate judgment under FRCP 60(b) [Doc. No. 22] after this Court dismissed her Petition for a Writ of Habeas Corpus and entered judgment in the matter. Marcusse also moves to "vacate," "default," and "strike" respondent's opposition and for judicial notice under Federal Rule of Evidence 201 [Doc. No. 26]. The Government responds in opposition to Plaintiff's motions [Doc. No. 25]. For the reasons set forth below, this Court denies Marcusse's motions.

It is well settled that a federal inmate must raise a collateral challenge to her conviction or sentence in a motion to vacate filed in the sentencing court under 28 U.S.C.

1

§ 2255, *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003), not a motion filed in the court of incarceration under 28 U.S.C. § 2241. A federal district lacks jurisdiction to hear a prisoner's collateral challenge to her original conviction or sentence unless the prisoner qualifies for § 2255(e)'s "savings clause." *Hill*, 349 F.3d at 1091. It is the petitioner's burden to show that the remedy under § 2255 would be inadequate or ineffective. *Abdullah v. Hendrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Petitioner has failed to show that her § 2255 remedy would be inadequate or ineffective. To succeed under the savings clause, Petitioner must show more than a procedural barrier to filing a § 2255 claim, and more than the fact that a claim was previously raised in a § 2255 motion and rejected by the court. *Id.* Petitioner must show, at a minimum, that she had "no earlier procedural opportunity" to present her claims. *Id.* at 963. But Petitioner falls far short of meeting her burden.

In his Report and Recommendation ("R&R"), Magistrate Judge Brisbois ruled that, not only was Petitioner afforded "ample opportunity to challenge her conviction and sentence" under § 2255, but that she "fully availed herself" of that opportunity. (*Id.* [Doc. No. 5] at 3.) Indeed, Petitioner's lengthy § 2255 motion in the Western District of Michigan required multiple orders totaling 117 pages for the court to fully analyze and reject. (*Id.* at 1.) Petitioner's current petition raises no argument she could not have raised earlier and offers no adequate, intervening legal authority to support her arguments. (*Id.* at 3.) Because Petitioner cannot show her § 2255 remedy is inadequate or ineffective, the Court lacks jurisdiction to hear her petition.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Marcusse's Motion to Amend Findings and Conclusions, Alter or Amend judgment, and Vacate Judgment [Doc. No. 22] is **DENIED**;

2. Defendant Marcusse's Motion to Vacate Respondent's Opposition, Default Respondent's Opposition, Strike Respondent's Opposition, and for Judicial Notice [Doc. No. 26] is **DENIED.**

Dated: October 30, 2018                    s/ Susan Richard Nelson

                                                                                    SUSAN RICHARD NELSON
                                                                                    United States District Judge